NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS NIEVES, | Civil Action No.: 11-6525 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| APEX FINANCIAL MANAGEMENT, LLC, | |
| Defendant. | |

**LINARES, District Judge.**

This matter comes before the Court on a motion to dismiss for failure to state a claim (Docket Entry No. 4) by Defendant Apex Financial Management, LLC. ("Defendant" or "Apex"). As this motion is unopposed, the Court has considered the submission in support of the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## I. BACKGROUND

The totality of the allegations contained in the section of Plaintiffs Complaint entitled "Factual Allegations" are as follows. "Defendant attempted to collect a debt that falls within the definition of 'debt' for purposes of 15 U.S.C. §1692a(5)." (Compl. ¶ 7). "Defendant is misrepresenting the amount owed, if indeed any debt exists." (Compl. ¶ 8). "Apex Financial Management, LLC repeatedly made harassing calls to Plaintiff during their collection efforts." (Compl. ¶ 9). "Plaintiff was caused mental suffering and shame as a result of receiving repeated

1

and continuous harassing telephone calls from Apex Financial Management, LLC." (Compl. ¶ 10).

Plaintiff seeks actual damages for the alleged invasion of his privacy by Apex and additionally requests $15,000.00 for an alleged drop in "Plaintiff's credit score, and Plaintiff's inability to continue Plaintiff's normal way of life"; Plaintiff's inability to gain credit; damages resulting from "a denial of a potential loan modification due to the negative credit reporting"; "emotional damages for the stress and anxiety placed upon Plaintiff as a result of Defendant's illegal collections"; "actual damages in the form of headaches, loss of sleep, shame, and mental suffering for the stress and anxiety suffered by Plaintiff from the invasion of Plaintiff's privacy"; as well as statutory damages, filing fees, and attorney's fees.  (Compl., "Claims for Relief").

Plaintiff filed this action in the Superior Court of New Jersey, Hudson County, Special Civil Part, Docket No. DC-021028-11 on or about September 28, 2011. (CM/ECF No. 1, Notice of Removal).  Defendant removed the action to federal court on or about November 7, 2011.  Id.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. Twombly, 127 S.Ct. 1t 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99(1957)).

2

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim is more than merely speculative when the factual allegations allow "the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Aschcroft v. Iqbal, 129 S.Ct. at 1949. For the purposes of a motion to dismiss, a court will accept all well-pled allegations as true, but will not credit bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

### III. DISCUSSION

Plaintiff's Complaint states that this is an action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., and for common law invasion of privacy. Each will be addressed in turn.

### 1. Fair Debt Collection Practices Act

The purpose of the FDCPA is threefold: (1) eliminate abusive debt collection practices (2) ensure that debt collectors who abstain from abusive practices are not competitively disadvantaged; and (3) promote consistent state action to protect consumers. Jerman v. Carlisle,

3

McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e), Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006)). The FDCPA is a remedial statute and as such courts should construe its language broadly in order to effectuate the purpose of the Act. Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006). "The FDCPA is a strict liability statute to the extent that it imposes liability without proof of an intentional violation." Allen ex. rel,Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

### A. 15 U.S.C. § 1692a(5)

Plaintiff states that Defendant attempted to collect a debt that falls within the definition provided in 15 U.S.C. § 1692a(5). However, Plaintiff does not provide any additional information regarding the debt, namely whether "the money, property, insurance, or services which [were] the subject of the transaction [were] primarily for personal, family, or household purposes." See 15 U.S.C. § 1692(a)(5); see also Pollice v. National Tax Funding, L.P, 225 F.3d 379, 401 (3d Cir. 2000) ("In our view, the plain meaning of section 1692a(5) indicates that a 'debt' is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes"). Defendant urges that Plaintiff fails to state a claim because he does not allege that the debt was a "debt" within the meaning of the statute. (Def.'s Br., at 3). The Court agrees insofar as merely reciting that a debt falls within the definition of the statute without more is insufficient to meet the Rule 8(a) pleading standard.

### B. Misrepresentations Regarding the Amount or Character of Debt

Although Plaintiff does not mention the section of the statute to which he is referring, Plaintiff states that Defendant is misrepresenting the amount of the debt owed, "if indeed the debt exists." (Compl. ¶ 8). Section 1692e of Title 15 of the United States Code pertains to false

4

or misleading representations by debt collectors in connection with the collection of any debt and prohibits certain conduct. 15 U.S.C. § 1692e. Specifically, section 1692e(2)(a) prohibits false representation of "the character, amount or legal status of any debt." Aside from merely stating that Defendant misrepresented the amount of debt owed, Plaintiff Nieves provides no facts regarding this claim. That alone does not raise a right to relief beyond the speculative level as required by Rule 8(a).

### C. Unfair or Unconscionable Means of Collecting or Attempting to Collect a Debt

Similarly, Plaintiff does not name the applicable statutory section with respect to this claim, but states that Defendant made repeated harassing phone calls. (Compl. ¶ 8). Section 1692f of Title 15 of the United States Code is directed toward preventing unfair practices by debt collectors and provides, in relevant part, that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Again, Defendant does not provide accompanying factual allegations to accompany his conclusory statements. Thus, this claim does not state a plausible right upon which relief may be granted.

### 2. Common Law Invasion of Privacy

As discussed above, Plaintiff only makes conclusory statements regarding harassing phone calls without providing accompanying factual allegations.[1] In any event, in New Jersey, "[t]he right of privacy has been defined as 'the right of an individual to be . . . protected from any

---

[1] Although Plaintiff does not specify to which privacy tort he is referring, tort law contains only four distinct types of invasion of privacy: "(1) intrusion (e.g., intrusion on plaintiff's physical solitude or seclusion, as by invading his or her home, illegally searching, eavesdropping, or prying into personal affairs); (2) public disclosure of private facts (e.g., making public private information about plaintiff); (3) placing plaintiff in a false light in the public eye (which need not be defamatory, but must be something that would be objectionable to the ordinary reasonable person); and (4) appropriation, for the defendant's benefit, of the plaintiff's name or likeness." Villanova, 420 N.J. Super 360 (quoting Rumbauskas v. Cantor, 138 N.J. 173 (1994)). Thus, the only possible cause of action that would apply to the matter at bar is the first, intrusion.

wrongful intrusion into his or her private life which would outrage or cause mental suffering, sham or humiliation to a person of ordinary sensibilities. Villanova v. Innovative Investigations, Inc., 420 N.J. Super. 353, 360 (quoting Burnett v. Cnty. of Bergen, 402 N.J. Super. 319, 332, 954 A.2d 483 (App.Div. 2008). However, "[a] high threshold must be cleared to assert a cause of action based on the [common law tort of intrusion on seclusion]. A plaintiff must establish that the intrusion 'would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object.'" Stengart v. Loving Care Agency, Inc., 201 N.J. 300, 316, 990 A.2d 650 (2010). In the section of his Complaint entitled "Claims for Relief," Plaintiff states that the phone calls made by Defendant Apex would be highly offensive to the reasonable person. (Compl.).[2] However, as discussed above, in order to sufficiently plead any cause of action, Plaintiff must provide specific factual allegations, not mere conclusory statements or legal conclusions.

## IV. CONCLUSION

Therefore, for the reasons stated above, Defendant Apex's motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) is GRANTED. Accordingly, Plaintiff's Complaint is dismissed with prejudice. Plaintiff may attempt to cure the pleading deficiencies addressed within thirty (30) days.

An appropriate Order accompanies this Opinion.

Dated: January 9, 2012

_____
Jose L. Linares
United States District Judge

---

[2] The Court does not point to a specific paragraph as that portion of Plaintiff's Complaint does not contain numbered paragraphs and the Complaint does not contain page numbers.

6